NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------- :
HERMAN AND CHRISTINE :
WENZEL, :
 :
            Plaintiffs, : Civil Action No. 10-6270 (SRC) (MAS)
 :
v. :
 : OPINION
NAUTILUS INSURANCE COMPANY, :
 :
           Defendant. :
---------------------------------------------- :

**CHESLER**, **U.S.D.J.**

      This matter comes before the Court on the motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant Nautilus Insurance Company ("Nautilus.")  For the reasons stated below, the motion will be granted.

BACKGROUND

      This dispute arises out of a general commercial liability insurance policy (the "Policy") issued by Nautilus to non-party K&C Conversions ("K&C"), a manufacturer.  K&C fabricated and sold a mobile home and trailer to Plaintiffs Herman and Christine Wenzel.  Plaintiffs allege that the mobile home and trailer were defectively manufactured, and that they caught fire and were damaged because of these defects.  Plaintiffs sued K&C in the Superior Court of New Jersey, and the case was resolved by the entry of a consent judgment.  As part of the consent judgment, K&C assigned its claims against Nautilus to Plaintiffs.  On December 3, 2010, Plaintiffs, as assignees, filed suit against Nautilus in this Court.  The Complaint asserts five

counts: 1) declaratory judgment of Nautilus' duty to indemnify K&C; 2) breach of contract; 3) unfair trade practices and bad faith; 4) intentional misrepresentation; and 5) breach of fiduciary duty.  Nautilus has now moved to dismiss the Complaint or, in the alternative, for summary judgment on all counts in the Complaint.

## ANALYSIS

I.   Relevant legal standard

   A.   Motions for summary judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith

respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.     Defendant's motion to dismiss or for summary judgment

The parties do not dispute certain fundamental facts. K&C filed a claim for coverage for

the property damage sustained by Plaintiffs when the mobile home and trailer caught fire (the "Claim"), and Nautilus denied coverage under the Policy. Defendant now moves for summary judgment on Counts I and II of the Complaint. Defendant contends that the Claim is not covered under the Policy, and points to the following exclusions to coverage in the Policy:

> 2. Exclusions
>
> This insurance does not apply to:
>
> . . .
>
> k. Damage to Your Product
>
> "Property damage" to "your product" arising out of it or any part of it.
>
> l. Damage to Your Work
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

(Compl. Ex. A at § I(A) ¶¶ 2.k, l.) Defendant contends that this is a claim for property damage to the insured's product, and that coverage is therefore excluded.

Plaintiffs make the following argument that the Policy covers the Claim. Plaintiffs point to the following exclusion, listed in the Exclusions section along with the other exclusions just quoted:

> j. Damage to Property
>
> "Property damage" to:
>
> . . .
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

4

(Compl. Ex. A at § I(A) ¶ 2.j.)  Plaintiffs then point to the definition of "products-completed operations hazard:"

> a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except [unrelated exceptions.]
>
> . . .
>
> b. Does not include "bodily injury" or "property damage" arising out of:
>
> (1) The transportation of property, unless the injury or damages arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by the insured. . ."

(Compl. Ex. A at § V ¶ 16.)  Plaintiffs argue that the claimed damage falls within this definition of "products-completed operations hazard."  Thus, Plaintiffs contend that the claimed damage falls within an exclusion to an exclusion, and is therefore covered.

Defendant counters that an exclusion to an exclusion cannot operate as an affirmative grant of coverage under New Jersey law, citing the New Jersey Supreme Court's decision in Weedo v. Stone-E-Brick, Inc., 81 N.J. 233 (1979).  Weedo is on all fours with the instant case.  In Weedo, Stone-E-Brick, the insured, held a comprehensive general liability insurance policy, and sought coverage for a claim related to a suit against it for faulty workmanship brought by the Weedos.  Id.  Stone-E-Brick filed a third-party complaint against its insurer, arguing that the claim fell within an exception to an exclusion in the policy.  Id. at 236, 247.  The New Jersey Supreme Court rejected Stone-E-Brick's argument:

> In this case Stone-E-Brick's interpretation of the policy would result in coverage for repair and replacement of its own faulty workmanship.  This interpretation relies on the supposition that the exception to exclusion "(a)" -- "but this exclusion does not apply to a warranty that work performed by or on behalf of the

>named insured will be done in a workmanlike manner" -- grants coverage for
>claims based on the warranty described. Not so. The contention runs directly
>counter to the basic principle that exclusion clauses subtract from coverage rather
>than grant it.

Id. at 247. As Defendant contends, pursuant to Weedo, an exclusion to an exclusion cannot produce a grant of coverage, and this Court must reject Plaintiff's argument. The property damage Claim is not covered by the Policy.

>Moreover, in Weedo, the Court also stated:
>
>[E]ach exclusion is meant to be read with the insuring agreement, independently
>of every other exclusion. The exclusions should be read seriatim, not
>cumulatively. If any one exclusion applies there should be no coverage,
>regardless of inferences that might be argued on the basis of exceptions or
>qualifications contained in other exclusions. There is no instance in which an
>exclusion can properly be regarded as inconsistent with another exclusion, since
>they bear no relationship with one another.

Id. at 248 (quotation omitted.) Under these principles, Plaintiffs' argument must also fail. The Policy clearly excludes coverage for property damage to the insured's product or work. The Claim falls within this exclusion. Under these principles, then, because one exclusion applies, there is no coverage, "regardless of inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions." Id. This defeats Plaintiffs' argument.

"[A]n insurer bears the burden of proving that a policy exclusion precludes coverage." Carter-Wallace, Inc. v. Admiral Ins. Co., 154 N.J. 312, 329 (1998). Nautilus has met that burden. "When the terms of an insurance contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties." Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960). The terms of the insurance policy are clear. Plaintiffs have neither raised any material factual dispute, nor rebutted Defendant's case that the

clear language of the policy precludes coverage.  The property damage Claim is not covered by the Policy.

Count I of the Complaint seeks a declaratory judgment that Nautilus had a duty to indemnify related to Plaintiffs' claim.  Nautilus has shown that it is entitled to judgment on this claim as a matter of law.  As to Count I, the motion for summary judgment will be granted.

Count II of the Complaint seeks damages for breach of contract, based on the failure of Nautilus to indemnify related to Plaintiffs' claim.  Nautilus has shown that it is entitled to judgment on this claim as a matter of law.  As to Count II, the motion for summary judgment will be granted.

Defendant has also moved for summary judgment on Counts III, IV, and V.  Plaintiffs' brief in opposition does not address Defendant's arguments regarding Counts III and V.  Plaintiffs are deemed to have abandoned Counts III and V.  As to Counts III and V, the motion for summary judgment will be granted.

As to Count IV, Defendant argues that this claim, for intentional misrepresentation relating to the insured's representation that it would cover a claim like the one at issue, must fail because it violates the economic loss doctrine.  Defendant contends that Count IV seeks tort damages arising out of a breach of contract, in violation of the economic loss doctrine.  In opposition, Plaintiffs contend, correctly, that courts applying New Jersey law have allowed claims for fraud in the inducement of a contract to be pursued along with claims for breach of that contract. See Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 563 (D.N.J. 2002) ("New Jersey federal and state decisions that have permitted a fraud claim to proceed with a breach of contract claim generally appear to have involved a fraud in the

inducement of a contract or an analogous situation based on pre-contractual misrepresentations.") Plaintiffs contend that the Complaint alleges "a misrepresentation that induced the sale of the contract." (Pl.'s Opp. Br. 14.)

The Complaint does not support Plaintiffs' characterization of it. Count IV does not allege any pre-contractual misrepresentations, or any misrepresentations that induced the sale of the insurance. Rather, the Complaint states: "By entering into agreements and by accepting premium payments in renewing the aforementioned policy, Defendant Nautilus confirmed in its representations . . ." (Compl. ¶ 90.) This conduct does not involve any pre-contractual representations which fraudulently induced the insured to enter into the contract. This interpretation is confirmed by the statement of reliance in the Complaint: "In justifiable reliance upon Nautilus' continuing and ongoing intentional misrepresentations, Plaintiffs' assignor paid all premiums to maintain the policy in question." (Compl. ¶ 94.) The payment of premiums is not conduct which constitutes entering into a contract. Rather, it is conduct which is performed after the creation of a contract. The insured paid its premiums because it was required to do so under the contract. This is a matter subsequent to the creation of the contract and concerns performance under the contract.

Moreover, Count IV of the Complaint, as drafted, is wholly deficient in terms of compliance with Federal Rule of Civil Procedure 9(b), which requires that the circumstances of the fraud be stated with particularity:

> Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud. Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.

8

Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (citation omitted).  The Complaint neither states the date, place, or time of the fraud, nor who made a misrepresentation to whom, nor does it use an alternative means of injecting precision into the allegations.  Furthermore, Plaintiff's opposition brief contains no suggestion that these deficiencies could be cured by any amendment.  Inasmuch as the brief does not even make a cursory effort to flesh out the details of the fraud claim, this Court concludes that amendment is futile, and that Plaintiff would not be able to amend Count IV to comply with the requirements of Rule 9(b).

Furthermore, neither the Complaint nor Plaintiffs' opposition brief indicates the existence of facts that could support a fraudulent inducement claim.  "The elements of fraud in the inducement are: a misrepresentation of material fact; knowledge or belief by the defendant of its falsity; intent that the other party rely on the misrepresentation; and reasonable reliance thereon by the other party."  Ginsberg v. Bistricer, 2007 N.J. Super. Unpub. LEXIS 474 (N.J. Super. Ct. App. Div. Apr. 4, 2007).  Thus, to prove fraud in the inducement, Plaintiffs must prove that Defendant knew that the representations were false – that it had no intention of performing its obligations – at the time the representations were made.  This element may not, however, be proven by the mere fact of the nonperformance.  "The intention of the promisor not to perform is not sufficiently established by mere proof of nonperformance."  Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369, 382 (N.J. Super. Ct. App. Div. 1960).  See also Luscko v. Southern Container Corp., 2010 U.S. App. LEXIS 24495 (3d Cir. Nov. 30, 2010) ("Mere non-performance of a promise is insufficient to show that a promisor had the requisite intent not to perform.")  Plaintiffs have not pled sufficient facts to support this element, nor does their briefing suggest that amendment of the Complaint would result in remedying this fatal defect.

9

To the contrary, Count IV was drafted as a claim for fraud in the performance of a contract and, as such, is invalid under New Jersey law. Plaintiffs' argument that it should be read as a claim for fraudulent inducement is unpersuasive and merely serves to support the finding that the claim as drafted is invalid.

This Court finds that Count IV does not state a valid claim for intentional misrepresentation. As to Count IV, Defendant's motion to dismiss will be granted, and Count IV will be dismissed with prejudice.

## CONCLUSIONS

For the reasons stated above, Defendant's motion to dismiss for failure to state a valid claim or, in the alternative, for summary judgment, is granted. As to Counts I, II, III, and V, Defendant has shown that it is entitled to judgment as a matter of law, and the motion for summary judgment is granted. Judgment is hereby entered in favor of Defendant on Counts I, II, III, and V of the Complaint. As to Count IV, the motion to dismiss is granted, and Count IV is dismissed with prejudice.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: April 18, 2011